**WILBUR K. CALLENDER, Plaintiff**
**v.**
**GERALD NICHTERN, Defendant**

Civ. No. 1005/03

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 30,1995

Judith L. Bourne, Esq., St. Thomas, V.I., *for Plaintiff*

ADRIANE DUDLEY, ESQ., St. Thomas, V.I., *for Defendant*

HOLLAR, *Judge*

## MEMORANDUM OPINION

The defendant, in immediate response to the complaint filed against him, moved this Court to dismiss the plaintiff's complaint for failure to state a cause of action upon which relief can be granted. In support of his Rule 12(b)(6)[1] motion, the defendant asserted: (1) that the plaintiff's complaint fails to sufficiently and specifically plead elements essential to a cause of action for defamation; (2) that defendant's statements are privileged opinions as a matter of law and thus not actionable; and (3) that because of his position as trustee of the St. Thomas-St. John Hospital Facilities Board, he cannot be sued in his individual capacity. For reasons that will follow, the defendant's motion to dismiss will be denied.

## I. FACTS AND PROCEDURAL HISTORY

On Saturday, June 26, 1993, THE VIRGIN ISLANDS DAILY NEWS published an article captioned *"Hospital Trustees Ousting Executive"*, which reported highly critical and derogatory statements directed to the plaintiff and made by the defendant.[2]

As a result of the remarks attributed to the defendant, the plaintiff, on November 19, 1993, brought the instant suit against the defendant, alleging that the defendant's statements, published in THE VIRGIN ISLANDS DAILY NEWS article, defamed him.

In lieu of filing an answer and as permitted by Rule 12(b) of the Federal Rules of Civil Procedure, the defendant on February 2, 1994, moved this Court to dismiss the instant matter. The plaintiff opposed defendant's motion by written memorandum, and the

---

[1] Rule 12(b)(6) of the Federal Rules of Civil Procedure.

[2] THE DAILY NEWS article quotes defendant Nichtern as saying "Calendar can't get along with other doctors and makes derogatory comments about them." . . . . . "[Callender] is excitable and repeatedly has temper tantrums", and that Nichtern called Callender a "misanthrope"; "[h]e doesn't like anyone—blacks, whites, Jews, women." [Nichtern] called Callender's attempts to recruit hospital personnel "feeble" and said some job candidates "packed their bags and went home" after meeting with Callender.

defendant subsequently filed a reply regarding the plaintiff's opposition. Oral argument was heard on March 2, 1995 to clarify issues ostensibly raised by the parties in support of their respective motions.

## II. DISCUSSION

 In considering a motion to dismiss based on failure to state a claim upon which relief can be granted, the court must view all factual allegations in the complaint as true and must construe the complaint liberally. *Francis v. Graham Miller (Caribbean) Ltd.*, 26 V.I. 184 (Terr. Ct. 1991). Since a motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint, the court's inquiry is limited to the contents of the complaint, *Pepper-Reed Co. v. McBro Planning and Development Co.*, 19 V.I. 534 (D.V.I. 1983), and the motion to dismiss must be considered in conjunction with Rule 8(a)[3] which sets forth the requirements for pleading a claim. A claim, under Rule 8(a), need only be "a short and plain statement of the claim showing that the pleader is entitled to relief."

In order "[f]or a 12(b)(6) motion to be granted, it must appear to a certainty that the petitioner would be entitled to no relief under any state of facts which could be proved in support of its claim . . . . In essence, there must be no circumstances under which the petitioner is entitled to any relief." *Department of Housing and Community Renewal v. United Indus. Serv.*, 23 V.I. 333, 341 (Terr. Ct. 1988). Furthermore, "[a] complaint may not be dismissed, unless it is clearly without merit."

If, upon review and consideration of the complaint, Rule 8(a), and applicable law, the Court finds that the plaintiff has stated a claim upon which relief can be granted, the defendant's motion to dismiss must be denied.

### A. SUFFICIENCY AND SPECIFICITY OF THE COMPLAINT

Notwithstanding the defendant's assertion that the plaintiff's complaint lacks sufficiency and specificity, a fair reading of plain-

---

[3] See Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE.

tiff's claim discloses two (2) causes of action, with specificity and sufficiency required by law.

■ The first cause of action is for defamation. The elements of defamation are:

(a) a false and defamatory statement concerning another;

(b) an unprivileged publication to a third party;

(c) fault amounting at least to negligence on the part of the publisher; and

(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Restatement (Second) Torts § 558,[4] *McDowell v. Paiewonsky*, 769 F.2d 942 (C.A.3rd 1985).

■ Count I of plaintiff's complaint alleges that the defendant published statements defaming the plaintiff and injuring plaintiff's professional reputation; that defendant published the defamatory statements with actual knowledge that they were false, with reckless disregard as to their truth or falsity and/or with actual malice; that defendant's statements were false and defamatory *per se*; that defendant's actions in publishing the statements were outrageous, done with evil motive, and in reckless disregard of the rights of plaintiff; and that plaintiff suffered injury to his professional reputation as a result.

Applying the elements of defamation as set forth in Restatement (Second) Torts 558 to Count I of the plaintiff's complaint, there appears to be no element that was not pled.

■ Plaintiff's complaint also includes a second cause of action for emotional distress. According to Restatement (Second) Torts § 46(1) "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Furthermore,

---

[4] The restatements of law approved by the American Law Institute are the rules of decision in the courts of the Virgin Islands, in the absence of local laws to the contrary, pursuant to Title 1 V.I.C. § 4.

Restatement (Second) Torts § 623 provides that: "[o]ne who is liable to another for a libel or slander is liable also for emotional distress and bodily harm that is proved to have been caused by the defamatory publication."

■ Count II of plaintiff's complaint alleges that the defamatory act of the defendant, as set forth in paragraph 5 of Count I, was done willfully, maliciously, outrageously, deliberately and purposefully, with the intention to inflict emotional distress upon the plaintiff or was done in reckless disregard of the probability of causing the plaintiff emotional distress, and did, in fact, cause the plaintiff severe and extreme emotional distress, and that as a direct and proximate result of the defendant's action, plaintiff endured severe mental and emotional suffering, anguish and anxiety.

Upon examination and consideration of the Restatement (Second) Torts Sections 46 and 623, and Count II of plaintiff's complaint, the Court finds that the plaintiff has sufficiently pled his cause of action in Count II.

■ With respect to the issue of "specificity", plaintiff did state which false and defamatory statements were allegedly made by the defendant by attaching the DAILY NEWS article to the complaint and incorporating it into the complaint. While the news article contains statements made by other individuals, the disparaging remarks attributed to defendant concerning the plaintiff were readily identifiable. Should the defendant desire more particulars regarding either or both causes of action, a motion for a more definite statement under Rule 12(e), or applicable discovery demand(s) or motion(s) under Rules 26-37 of the FED. R. CIV. P. are the appropriate vehicles to utilize to obtain additional information, and not a 12(b)(6) motion to dismiss for failure to state a cause of action upon which relief can be granted.

### B. OPINIONS NOT PRIVILEGED

Separate and apart from the issues of sufficiency and specificity, the defendant contends that his alleged "remarks" merely explained the Board's action and expressed his opinion.

■ While an opinion without more does not create a cause of action in [defamation], *Baker v. Lafayette College*, 532 A.2d 399, 402

(Pa.1987), the Restatement (Second) Torts provides that "[a] defamatory communication may consist of a statement in the form of an opinion, . . . if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." *Id.* at 566. Furthermore, the Third Circuit has held "[i]f an opinion is stated in a manner, that implies that it draws upon unstated facts for its basis, the listener is unable to make an evaluation of the soundness of the opinion." *Redco Corp. v. CBS, Inc.,* 758 F.2d 970, 972 (C.A. 3rd 1985).

■ The alleged statements at issue are outside the scope of mere opinion because they include undisclosed allegations regarding the plaintiff's behavior and character and their impact on others.

■ The cases cited by defendant to support his contention that his opinions are not actionable at law are distinguishable from the case *sub judice* because it has not been established that the plaintiff is a public official or public figure, as was the case in *Milkovich, Gertz, and Avins,*[5] nor is the media a defendant in this action as in Gertz and Milkovich. Since defendant's alleged statements refer to a private party and defendant has not established that the statements refer to a matter of public concern, defendant's contentions that his statements of opinion are protected by the First Amendment of the U.S. Constitution and thus non-actionable are premature and unsupported at this juncture.

Additionally, while the protection of pure opinion has a constitutional basis, there is no "wholesale defamation exception for anything that might be labeled 'opinion'."[6] "[E]ven if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications . . ." *Milkovich supra.,* at 18.

Since the defendant's statements, whether couched as opinion or not, can reasonably be understood to imply the existence of undisclosed defamatory facts, the remarks, at this stage, are actionable.

---

[5] *Milkovich v. Loran Journal Co.,* 497 U.S. 1 (1990); *Gertz v. Robert Welch, Inc.* 418 U.S. 323, (1974); *Avins v. White,* 627 F.2d 637, (C.A.3rd 1980), *cert. den.* 449 U.S. 982.

[6] *Gertz, supra,* at 339-340.

## C. NO IMMUNITY FROM SUIT AVAILABLE IF ACTING IN INDIVIDUAL CAPACITY

 Defendant contends that as a member of the St. Thomas and St. John Hospital Facility Board, he is immune from suit.[7]

Expounding upon his immunity, the defendant argues that "the Legislature enacted the Tort Claims Act[8] granting immunity to government employees and officials for acts alleged to be tortious if made while acting in their official capacity". Defendant additionally relies upon Act. No. 5199 of September 30, 1986[9] which provides "[a]ny claim or remedy against the Government Hospital Facility Board shall be made pursuant to the provisions of Title 33, Chapter 118, Virgin Islands Code [Tort Claims]; provided that no member of the Board may be sued in his individual capacity."

The plaintiff, on the other hand, is adamant about seeking recovery only from the plaintiff and not the Government of the Virgin Islands or the Hospital Board since the plaintiff alleges, *inter alia*, that defendant was acting outside the scope of his employment and/or authority at the time the alleged defamatory statements were made. The plaintiff also alleges what amounts to "gross negligence" on the part of the defendant, which if proven, removes defendant's immunity under 33 V.I.C. § 3408.

Emphasizing, the scope of immunity under 2(b) of the Revised Organic Act of 1954, as amended, the United States Court of

---

[7] Tangentially, the defendant asserts that the plaintiff failed to join indispensable parties and therefore the complaint should be dismissed. Beyond the bald assertion, the defendant has neglected to undertake the 3-prong analysis required under Rule 19 of the Fed. Rules of Civil Procedure to establish when a party is indispensable and under what circumstances a case may be dismissed for failure to join an indispensable party. Assuming *arguendo* that the defendant could establish that the Government and Hospital Board are indispensable, the defendant has not established why he can not file a third-party indemnification complaint to bring in the parties he deems indispensable pursuant to Rule 15 of the F. R. Civ. Procedure.

[8] Title 33 V.I.C. § 3408 provides for *waiver* of immunity from liability with respect to tort claims for Government employees acting within the scope of their employment, unless the injury or loss of proerty is caused by the *gross negligence* of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment.

[9] Act 5199 established the Hospital Facilities Boards, the Membership and duties therof, and amended Title 33 Chapter 118 of the Virgin Islands Code by placing members within the Torts Claim Act.

Appeals in *Davis v. Knud Hansen Memorial Hospital*, 635 F.2d 179 (C.A. 3rd 1980) held:

"[a] government employee is accorded immunity from suit *only when sued in his official capacity*, so that the suit, in reality, is one against the government. However, *no immunity is accorded an employee who is sued in his individual capacity since the underlying public policy of protecting the public treasury is not being undermined.*" (Emphasis Provided).

See also *Small v. Government of the Virgin Islands*, 20 V.I. 65, 68 ( Terr. Ct. 1983); *Quetel v. Brutus*, 17 V.I. 212 (Terr. Ct. 1981).

Given the limited scope of immunity under the Tort Claims Act, Act No. 5199 and § 2(b) of the Revised Organic Act of 1954, as amended, together with the plaintiff's contention that the defendant was not acting within his official capacity when the derogatory statements were made, and that the statements constitute "gross negligence", the defendant cannot be deemed "immune" from suit at this juncture.

Closely related to the issue of "immunity" under the Tort Claims Statute is the issue of "privilege" and "conditional privilege" under the Restatement (Second) Torts. Applying the Restatement (Second) of Torts, even if the defendant was privileged to publish the statements at issue, any such privileges are conditioned upon the manner in which the privilege is exercised. Restatement (Second) Torts § 599 provides that "[o]ne who publishes defamatory matters concerning another upon an occasion giving rise to a conditional privilege is subject to liability to the other *if he abuses the privilege.*"

Particularly significant is Comment a to § 599, *supra*, which states in pertinent part "[t]he privilege may be abused because of the publisher's knowledge or reckless disregard as to the falsity of the defamatory matter . . . because the defamatory matter is published for some purpose other than that for which the particular privilege is given . . . because the publication is made to some person not reasonably believed to be necessary for the accomplishment of the purpose of the particular privilege . . . or because the publication includes defamatory matter not reasonably believed to be necessary to accomplish the purpose for which the occasion is

privileged." Moreover, under Comment b, "[t]he effect of abuse of a conditional privilege is to make the publisher of the defamation subject to liability for the abuse." Restatement (Second) Torts 599, *supra*.

In the Daily News article at issue, if accurate, Daniel Bayard, then Chairman of the Hospital Board, declined to comment on the matter and stated "that the Board would issue a written statement early next week."[10] Mr. Bayard's comments militate against a finding that the defendant was privileged to comment on the plaintiff's employment status.

In light of the position by the Chairman of the Board to postpone disclosure of personnel matters discussed during executive session, the independent statements made by the defendant regarding the plaintiff's character could be considered an abuse of privilege, even if a conditional privilege previously existed.

### D. CONVERSION OF RULE 12(b)(6) IS NOT WARRANTED

The Rule 12(b)(6) motion only tests whether the claim has been adequately stated in the complaint. A challenge to the sufficiency of the pleader's claim supported by extra pleading material triggers the conversion of a Rule 12(b)(6) motion into a summary judgment motion under Rule 56. The court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (C.A.3d 1992). This discretion generally will be exercised on the basis of a determination of whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action.[11]

A few courts have held that only items specifically enumerated in Rule 56(c) such as depositions, answers to interrogatories, admissions on file, and affidavits constitute "matters outside the pleading" sufficient to convert a 12(b)(6) motion to a motion for

---

[10] See article attached to plaintiff's complaint.

[11] 5A Wright & Miller, § 1366 *supra*, at 491-493.

summary judgment.[12] "[M]ost courts, however, view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings. Memoranda of points and authorities as well as briefs and oral arguments, however, *are not considered matters outside the pleadings for purposes of conversion.*"[13]

▪ In the instant matter, the extra-pleading material is incomplete and does not sufficiently address all of the issues presented; therefore it must be rejected.[14] The defendant has not at this time established that he was acting in some official capacity at the time the statements were made, nor has it been established that the Government of the Virgin Islands or the Hospital Board of Trustees are proper party defendants, and, as such, indispensable parties to this action. Moreover, the defendant has not established that he was in any way granted any privilege at the time the statements at issue were made. Accordingly, the defendant's 12(b)(6) motion is not entitled to be converted to or treated as a Rule 56 motion for summary judgment.

### III. CONCLUSION

Upon careful examination of the four corners of the plaintiff's complaint together with the applicable law, the Court finds that the plaintiff has established a cause of action upon which relief can be granted since: (1) the elements of defamation and emotional distress have been sufficiently pled with the requisite specificity; (2) the defendant's derogatory opinion about the plaintiff as published in the DAILY NEWS is actionable because the remarks are based upon undisclosed facts; and (3) the defendant may not necessarily be immuned from suit if he was not acting in his official capacity.

---

[12] 5A Wright & Miller, § 1366, *supra*, at 499; See also *Young v. Boggers*, 917 F.2d 873 (C.A. 4th 1990).

[13] 5A Wright & Miller, § 1366 *supra*, at 499-500.

[14] 5A Wright & Miller, § 1366 *supra*, at 493; see also *Brug v. Estar Group, Inc.*, 755 F. Supp. 1247 (D. Del. 1991). (Court refused to convert a motion to dismiss into a motion for summary judgment because no discovery had been conducted.)

Finally, the record does not support a conversion of a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Accordingly, upon the foregoing, the defendant's motion to dismiss must be denied.

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss, dated February 2, 1994, Plaintiff's Response to Motion to Dismiss, dated February 28, 1994 and Defendant's Reply to Plaintiff's Response to Motion to Dismiss dated March 16, 1994. For the reasons stated in the accompanying Memorandum Opinion of even date, it is

ORDERED, that defendant's Motion to Dismiss is DENIED; and it is further

ORDERED that defendant's Rule 12(b)(6) motion will not be treated as or converted to a Rule 56 motion for summary judgment.