**CAROL JOHNSON, R.N., Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF HUMAN SERVICES, ALDA FORTE, R.N., individually and as Director of the Herbert Grigg Home, JUEL MALLOY, individually and as Commissioner of the Department of Human Services, and HOSPITAL STAFFING SERVICES, Defendants**

Civ. No. 798/1993

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

November 6, 1996

Diane Trace Warlick, Esq., (Warlick & Quigley, P.C.), Christiansted, St. Croix, U.S.V.I., *for Plaintiff*

DUDLEY HUGHES, ESQ., (Department of Justice), Christiansted, St. Croix, U.S.V.I., *for Defendants Government of the Virgin Islands, Dept. of Human Services, and Juel Molloy*

MONIQUE D. McLAUGHLIN, ESQ., St. Thomas, U.S.V.I., *for Defendant Hospital Staffing Services, Inc.*

CABRET, *Judge*

## MEMORANDUM OPINION

In this whistleblowers action, Hospital Staffing Services, Inc. and the Government of the Virgin Islands ("defendants") move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the plaintiff's complaint on the grounds that (1) it is time barred and (2) it fails to state a claim upon which relief can be granted under the Whistleblowers Protection Act, V.I. CODE ANN. tit. 10, § 121 *et seq.* ("Whistleblowers Act"). Hospital Staffing Services also moves this Court, pursuant to Local Rule of Civil Procedure 7.1(j), to deem its motion to dismiss conceded based upon plaintiff's alleged failure to respond or object to defendants' motion to dismiss. Plaintiff has opposed both motions.[1]

## FACTUAL BACKGROUND

The plaintiff filed this whistleblowers action following an event which allegedly took place on July 3, 1993, wherein defendants refused to renew her employment contract. In her complaint, plaintiff states that on January 3, 1993, she entered into a six-month employment contract with the Government of the Virgin Islands ("Government"), through its agent, Hospital Staffing Services, Inc. ("HSSI"), to perform nursing services for patients at the Herbert Grigg Home ("Grigg Home") on St. Croix. Plaintiff also states that on April 25, 1993, while acting in her capacity as the registered nurse in charge of the Grigg Home for the evening shift, Senator Holland Redfield visited and questioned her concerning reports of patient abuse and violations of applicable standards of patient

---

[1] Inasmuch as plaintiff has filed a timely opposition to the motion to dismiss, HSSI's motion to deem said motion conceded is moot.

28

care. Believing that Senator Redfield was authorized to be on the premises and to investigate the standard of care at the Grigg Home, plaintiff advised him of several problems. However, plaintiff states that she never disclosed any confidential patient information to the Senator. Plaintiff further maintains, that following the reports of the Senator's visit, she was suspended with full pay through the remainder of her contract, and she was advised that her six-month contract would not be renewed. The non-renewal of her contract, plaintiff claims, is in violation of 10 V.I.C. § 121 *et. seq.*

Additionally, plaintiff states that during her employment at the Grigg Home, she was never reprimanded, disciplined or reported for unprofessional conduct other than the incident with the Senator. Plaintiff further alleges that the six-month contracts for nursing services under which nursing personnel are hired by the Government, through HSSI, have routinely been renewed for other employees who desire to continue to work at the Government facilities.

## DISCUSSION

In deciding a motion to dismiss, "the issue is not whether plaintiff will ultimately prevail or is likely to prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Since a motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint, the court's inquiry is limited to the contents of the complaint, *Pepper-Reed Co. v. McBro Planning and Development Co.,* 19 V.I. 534 (D.V.I. 1983), and the motion to dismiss must be considered in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the requirements for pleading a claim. *Callender v. Nichtern,* 32 V.I. 96, 99 (Terr. Ct. 1995). A claim under Rule 8(a), need only be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

## I. Complaint is Time Barred

■ In the case *sub judice*, the defendants allege that plaintiff's complaint should be dismissed because it is untimely. Claims made under the Whistleblowers Act must be filed within ninety days after the occurrence of the alleged violation. *See* 10 V.I.C. § 123. In her complaint, plaintiff cites the discriminatory non-renewal of her employment contract, as the alleged violation of the act. The date of said action was on the date that her contract expired and was not renewed, July 3, 1993. Ninety days from July 3, 1993, was October 1, 1993, which was a non-holiday Friday. Plaintiff's complaint was filed with this Court on that date and was therefore timely. As such, the defendants' motion to dismiss for untimeliness is without merit.

## II. Failure to State a Claim

Defendants' second basis for their motion is that plaintiff has failed to state a claim for which relief can be granted under the Whistleblowers Act. Defendants maintain that plaintiff was not terminated from her position as a contract nurse. Instead, defendants argue that she merely reached the end of her limited duration employment contract which they opted not to renew. It is clear from the plain words of the statute,[2] that the underlying policy of the Act is the protection of employees from any type of retaliatory or discriminatory action by their employers, as a result of their having spoken out against illegal practices of the employer. Therefore, defendants' argument that plaintiff merely reached the end of a finite contract which they opted not to renew, simply ignores the plain words of the statute, which protects employees not only from retaliatory discharge, but also other types of discrimination as well.

---

[2] "An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this territory or the United States to a public body unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or in a court action." Virgin Islands Code Ann. tit. 10, § 121 (Supp. 1995).

■ ■ Additionally, even though there are no reported cases which address the Virgin Islands Whistleblowers Protection Act, courts from other jurisdictions interpreting similar anti-retaliatory statutes have held that the burden of proof in a whistleblower claim is the same as for an employment discrimination claim. *Hubbard v. United Press Int'l,* 330 N.W.2d 428, 444 (Minn. 1983). To establish a prima facie case, a whistleblower must show that (1) he or she engaged in conduct protected under the act; (2) the employer took adverse action against the employee; and (3) there was a causal connection between the protected conduct and the adverse action. *Id. see also Booker v. Brown & Williamson Tobacco Co., Inc.,* 879 F.2d 1304 (6th Cir. 1989); *Whately v. Metropolitan Atlanta Rapid Transit Auth.,* 632 F.2d 1325 (5th Cir. 1980). In this case, plaintiff alleges that she provided information in regard to inadequate care and treatment of patients at the Herbert Grigg Home to Senator Holland Redfield. Plaintiff also states that subsequent to and because of said disclosure, she was suspended and her contract was not renewed. Plaintiff further maintains that she has specific knowledge that the contracts, even though limited in duration, were routinely renewed for other employees working under the same arrangement as herself. Thus, based upon the allegations set forth above, plaintiff has sufficiently pled a cause of action under the Whistleblowers Act.

## CONCLUSION

This Court, having construed plaintiff's complaint liberally and has viewed all factual allegations in the complaint as true, finds that it is enough for the purposes of this motion, that plaintiff alleges that her contract was not renewed because of protected conduct in which she was engaged. As such, it is manifest that the complaint, in the present procedural posture of this case, states a valid claim against the defendants. An appropriate order will enter.

DATED this 6th day of November, 1996.