**PEPPER–REED COMPANY, a Partnership; PEPPER CONSTRUCTION COMPANY INTERNATIONAL, LTD., a Cayman Corporation; and REED, WIBLE & BROWN, INC., a United States Virgin Islands Corporation, Plaintiffs**

v.

**McBRO PLANNING & DEVELOPMENT COMPANY, a Missouri Corporation; and McCARTHY BROTHERS COMPANY, a Missouri Corporation, Defendants**

Civil No. 82-103

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 21, 1983

JOEL HOLT, ESQ. (HOLT & GRONER), Christiansted, St. Croix, V.I., *for plaintiffs*

LARRY LUBER, ESQ., RICHARD R. HARDCASTLE, III, ESQ., JOHN H. SWOBODA, ESQ. (GREENFELDER, HEMKER, WIESE, GALE & CHAPPELOW), St. Louis, MO., *for plaintiffs*

JOHN G. SHORT, ESQ. (DUDLEY, DUDLEY & TOPPER), St. Thomas, V.I., *for defendants*

ROBERT A. KNUTI, ESQ., MICHAEL R. HASSAN, ESQ., NICK DiGIOVANNI, ESQ. (LORD, BISSELL & BROOK), Chicago, IL., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Defendant McCarthy Brothers Co. (hereinafter McBro) has moved the Court to dismiss the complaint in this cause or, in the alternative, for a more definite statement. Fed. R. Civ. P. 12(b)(6) and 12(e). Defendant has mounted a challenge to the sufficiency of each of the

seven counts of the complaint. Defendant has also raised the defense of waiver.

■■ A motion to dismiss, under Rule 12(b)(6), tests the sufficiency of the complaint as a statement of a claim for relief. Hence the Court's inquiry is limited to the content of the complaint.[1] For purposes of the motion, the complaint is construed in a light most favorable to plaintiff and its allegations are taken as true.[2]

## BACKGROUND

In 1980, the Government of the Virgin Islands planned to build a new hospital and adjoining community health center. According to the complaint, the government hired defendant McBro to be "construction manager" for the hospital project.[3] As construction manager McBro was charged with the organization and direction of construction of the hospital, and in so doing, was to prepare cost estimates and ceilings for various phases of work. McBro was also to establish and conduct a bidding process, recommend to the government which contractors should be accepted upon consideration of the bids, and to ensure that the government obtained the most reasonable price for work performed. McBro was the government's representative or agent.

In May of 1980 McBro issued invitations to bid on various categories of work on the hospital project. Pepper-Reed submitted bids for several of those categories. Pepper-Reed's combined bid on three categories was the lowest, but was rejected because it was above the maximum price established by McBro. Pepper-Reed offered to negotiate its bid price but McBro declined to do so and advised Pepper-Reed that the entire project would be rebid. Instead of re-issuing invitations for bid, however, McBro negotiated with, and awarded some contracts to, other bidders. Pepper-Reed was not given a chance to participate, nor was it even informed of such negotiations. Three categories of work were left and Pepper-Reed was given an opportunity to rebid on these. On one category (general work), Pepper-Reed was again the low bidder. Once more its bid

---

[1] 5 Wright and Miller, Federal Practice and Procedure § 1356 (1969).

[2] See Schever v. Rhodes, 416 U.S. 232 (1974); 5 Wright and Miller, supra, § 1357 and cases cited therein.

[3] The complaint, as to which no answer has yet been filed alleges that McBro Planning and Development Co. was a division of McCarthy Bros. Co. until February of 1981 when McBro and McCarthy merged and took the name McCarthy Bros. Because it is the actions of the former McBro of which the plaintiff complains, we will use that name for the defendants throughout.

exceeded the maximum budgeted price, this time by 1.7%. McBro so informed Pepper-Reed. Pepper-Reed's response to McBro was that it was willing to do the work for the maximum price or to negotiate an even lower price. McBro then informed Pepper-Reed that Pepper-Reed should have no problem in being awarded the contract and that McBro would inform the government of Pepper-Reed's new proposals. In actuality, McBro did not communicate Pepper-Reed's willingness to reduce its bid to the government. Instead, McBro recommended to the government that McBro be allowed to do the work at the budgeted price. The government accepted McBro's recommendation, being unaware that Pepper-Reed was willing to do the work for less. Therein lies the dispute presently in litigation, Pepper-Reed, having brought suit against McBro alleging seven causes of action.

McBro has moved to dismiss all seven counts for failure to state a claim on which relief can be granted. Preliminarily, however, McBro argues that plaintiff has waived its right to bring this action for damages. Although, strictly speaking, a defense of waiver is not properly raised on a motion to dismiss (because it is an affirmative defense to be asserted in a responsive pleading under Rule 8(c) Fed. R. Civ. P.), when the issue is potentially dispositive it is logical and efficient to consider it on a Rule 12(b)(6) motion, and courts frequently do. See 5 Wright and Miller, supra, §§ 1277, 1349, 1357 and cases cited therein.

McBro contends that Pepper-Reed's only recourse as a disappointed bidder was to sue to enjoin the award of the contract to McBro and that plaintiff may not "sit on its hands" while McBro performs the work and then sue for damages if the project turns out to be profitable. Such lack of diligence in asserting one's rights, McBro argues, operates as a waiver of the right to bring an action for damages.

Pepper-Reed, responding, argues that notwithstanding the availability of an equitable remedy it is not precluded from foregoing that remedy and suing for damages. We agree with plaintiff. Indeed, a defense to seeking injunctive relief is the availability of damages as an adequate remedy at law. We are not persuaded that plaintiff has waived its right to maintain this suit.

The main points of disagreement between the parties on the instant motion stem from the unusual status of defendant during the time period in question as both a successful procurer of the work and at the same time the government agent who conducted the bid-

ding process. Defendant argues that some of the causes of action plaintiff asserts cannot be maintained against it as a successful bidder and the other causes of action may not be asserted against it as a government agent. Altogether, defendant argues, the entire complaint must be dismissed because each cause of action is in some way defective.

It is true that some cases have held that an unsuccessful bidder may not properly bring suit against the successful bidder. See Savini Construction Co. v. Crooks Brothers Construction Co., 540 F.2d 1355 (9th Cir. 1974); Northbound Equities, Inc. v. Gateway Construction Corp., 441 F.Supp. 259 (E.D. Pa. 1977). However, those cases did not involve a situation in which the successful bidder was in the position of construction manager. And, in any event, McBro was not a bidder. It obtained the jobs by negotiating with its principal, in a manner claimed by plaintiff to have been fraudulent because of its special position.

■ Even as to a successful bidder, if the contract is obtained by fraud, an action for damages will lie. (See, e.g., Iconco v. Jensen Construction Co., 622 F.2d 1291 (8th Cir. 1980).) We hold, therefore, that in the special circumstances of this case, as detailed in the complaint, plaintiff may maintain this suit against defendant and the motion to dismiss will be denied.

■ Defendants argue that count four of the complaint, alleging fraud, is not stated with the requisite particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff should identify the person who made the alleged misrepresentation and will be ordered to do so. Apart from this defect, count four is sufficient to put defendant on notice of the circumstances surrounding the alleged fraud and to allow defendant to prepare a defense.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendants to dismiss the complaint be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that plaintiff file an amended complaint naming the person who committed the alleged misrepresentation pleaded in count four of the complaint.