IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

September 29, 2020

**TAMARA CHARLES
CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*************

KENNY P. BRYAN,

                       Plaintiff,

vs.

WENHAVEN, INC. d/b/a WENDY'S OLD
FASHION HAMBURGERS,

                       Defendant.

) CASE NO.: ST-2018-CV-00375
)
)
) **ACTION FOR DAMAGES**
)
)
)
)
) **JURY TRIAL DEMANDED**
)

### Cite as: 2020 VI Super 85U

### MEMORANDUM OPINION AND ORDER

¶1.    Pending before the Court are:

(1) Defendant's Motion to Dismiss, filed on June 6, 2019[1];

(2) Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, filed on June 24, 2019;

(3) Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, filed on July 10, 2019;

(4) Plaintiff's Motion for Ruling on Motion to Dismiss, filed November 7, 2019; and

(5) Plaintiff's Second Motion for Ruling on Defendant's Motion to Dismiss, filed August 27, 2020.

¶2.    For the reasons stated below, the Court will deny Defendant's Motion to Dismiss.

### I.    FACTUAL BACKGROUND

¶3.    Plaintiff Kenny Bryan started working at Defendant Wenhaven, Inc. d/b/a Wendy's Old Fashion Hamburgers as a policy and procedures manager.[2] He was then asked by the franchise

---

[1] The Motion to Dismiss was filed by email twice: on June 6 and June 7th. Inasmuch as the first filing was sufficient and the Motion was docketed on June 6, 2020, the Court will use the June 6th filing date.

[2] Pl. Compl. ¶ 7.

owner, Peter Kumpitch, to move into the position of general manager.[3] Bryan oversaw the operations of Wendy's at one location on St. Thomas and one location on St. Croix.[4]

¶4.    On April 3, 2018, a locksmith arrived at the Wendy's (presumably the St. Thomas location) "and informed [Bryan] that he had been hired to change the locks."[5] Bryan "was unaware [that] the locks to the Wendy's were being changed" and "informed the locksmith that there must have been a mistake."[6] Bryan then "attended a telephone conference call with the silent partners of the franchise [who] informed Bryan] that his position had been terminated."[7]

¶5.    Bryan filed his Complaint on July 30, 2018,  alleging that Wenhaven's proffered reason for his termination, i. e. "Wendy's restaurants had failed the last two Q&A inspections", was not the real or legitimate basis for the wrongful termination."[8]    Bryan alleges "[t]he actions of Defendant constitute wrongful discharge in violation of the Virgin Islands Wrongful Discharge Act, Title 24 V.I.C. §§ 76-79."[9]

## II.    LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS.

¶6.    Wenhaven has moved to dismiss the Complaint on the grounds that Bryan  has failed to state a claim for which relief can be granted because: (1) Bryan  was terminable at will, absent a written employment agreement to the contrary; and (2) Bryan was a "bona fide executive" and therefore outside the protections of the Virgin Islands Wrongful Discharge Act. Wenhaven further argues that even if Bryan was considered a supervisor rather than an executive, the WDA does not apply to him.

¶7.    Bryan argues that he never worked in an executive capacity, that he was not a statutory supervisor, and even if he was a statutory supervisor, he was still protected by the [WDA] and that he had never been a member of the union that was a party to the union contract.[10] In response, Wenhaven counters that the  issue is not whether it  can factually prove statutory grounds for discharging Bryan, but whether it is legally required to do so.

¶8.    Virgin Islands Rule of Civil Procedure 12(b)(6) allows a party to challenge a pleading for "failure to state a claim upon which relief can be granted."[11] To survive a 12(b)(6) motion, the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief,"[12] and "[t]he facts alleged in the pleadings, and any inferences drawn therefrom must be

---

[3] *Id.*

[4] *Id.* at ¶ 8.

[5] *Id.* at ¶ 9.

[6] *Id.* at ¶ 10.

[7] *Id.* at ¶ 11.

[8] *Id.* at ¶ 14.

[9] *Id.* at ¶ 17.

[10] Plaintiff's Motion for Ruling on Motion to Dismiss, p. 2.

[11] V.I.R. Civ. P. 12(b)(6).

[12] V.I.R. Civ. P. 8(a)(2).

viewed in the light most favorable to the plaintiff."[13] All material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[14] "Even if a complaint is 'vague,' 'inartfully drafted,' 'a bare-bones outline,' or 'not a model of specificity,' the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief…".[15] The purpose of a motion to dismiss at this stage of litigation is to test the sufficiency of a complaint and not to test the truth of the facts alleged in the complaint.[16]

¶9.     Since Virgin Islands Rule of Civil Procedure 8(a)(2) explicitly states that the Virgin Islands is a notice pleading jurisdiction, a plaintiff merely needs to provide a basic legal and factual basis for his claim to put a defendant on fair notice of the claims brought against him.[17] In fact, "[t]he complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief."[18] This standard is reinforced by the policy that litigants should not be expected to win their cases on the pleadings, but rather, be given their day in court,[19] and the standard is a more liberal and forgiving approach that is different from the *Twombley* plausibility standard.[20] Essentially, Rule 8(a)(2) allows the Court to proceed with the discovery process and address pleadings based on the merits of each asserted claim,[21] and "[p]leadings . . . must be fatally defective before they may be rejected as insufficient."[22] Further, "the purpose of the notice pleading standard is to avoid 'dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[23]

---

[13] *Adams v. North West Company (International), Inc.*, 63 V.I. 427, 438 (Super. Ct. 2015) (citing *Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 566 (V.I. 2012)).

[14] *L'Henri, Inc. v. Vulcan Materials Co.*, Civ. No. 206–170, 2010 WL 924259, at *1 (D.V.I. Mar. 11, 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406 (2002)).

[15] *Basic Servs., Inc. v. Gov't of Virgin Islands*, 71 V.I. 652, 659 (V.I. 2019) (citing *e.g., Casaday v. Allstate Ins. Co.*, 232 P.3d 1075, 1080 (Utah App. 2010)).

[16] *Stanley v. Virgin Islands Bureau of Corrections*, No. ST-16-MC-075, 2020 WL 1639902, at *4 (V.I. Super. Apr. 1, 2020) (citation omitted).

[17] *See Bank of Nova Scotia v. Flavius*, Super. Civ. No. SX-16-CV-125, 2018 WL 745958, at *6 (Super. Ct. Feb. 2, 2018).

[18] *Howe v. MMG Ins. Co.*, 95 A.3d 79, 81-82 (Me. 2014) (internal quotation marks omitted).

[19] *See Carrillo v. Boise Tire Co., Inc.*, 274 P.3d 1256, 1267 (Idaho 2012) ("The Idaho Rules of Civil Procedure set forth a system of notice pleading intended to free litigants from what were once rigid pleading requirements.").

[20] *See Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 604-05 (Minn. 2014) ("After all, Minnesota is a notice-pleading state and 'does not require absolute specificity in pleading, but rather requires only information sufficient to fairly notify the opposing party of the claim against it.'"); *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) ("Tennessee follows a liberal notice pleading standard, . . . which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court."); *McCurry v. Chevy Chase Bank, FSB*, 233 P.3d 861, 864 (Wash. 2010) (en banc) ("Under CR 12(b)(6) a plaintiff states a claim upon which relief can be granted if it is *possible* that facts could be established to support the allegations in the complaint.") (emphasis in original).

[21] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("The liberal notice pleading of [Federal] Rule [of Civil Procedure] 8(a) . . . was adopted to focus litigation on the merits of a claim.").

[22] *Corwin v. British American Tobacco PLC*, 796 S.E.2d 324, 333 (N.C. Ct. App. 2016).

[23] *Basic Servs., Inc. v. Gov't of Virgin Islands*, No. S.CT.CIV. 2017-0084, 2019 WL 2488037, at *4 (V.I. June 13, 2019) (citing V.I. R. CIV. P. 8 Reporter's Note; and *Mills-Williams*, 67 V.I. 574 at 585).

¶10.    Determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24] In making the plausibility determination:

> First, the Court must take note of the elements a plaintiff must plead to state a claim so that the court is aware of each item the plaintiff must sufficiently plead. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. These conclusions can take the form of either legal conclusions couched as factual allegations or naked assertions devoid of further factual enhancement. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.[25]

¶11.    If the remaining facts are sufficient for the court to draw a reasonable inference that the defendant is liable based on the elements the plaintiff must plead, then the claim is considered plausible.[26]

¶12.    Wenhaven argues that according to Rule 12(b)(6), Bryan has no cause of action under the WDA because "[b]oth the explicit terms of the Act and the preemptive provisions of federal labor law preclude recovery by a managerial employee such as Mr. Bryan."[27] Further, the Defendant argues that "as the 'general manager' responsible for the oversight of two local fast food restaurant franchises, Mr. Bryan was terminable at will, absent a written employment agreement to the contrary."[28]

¶13.    In opposition, the Plaintiff argues that " (1) [he] is not excluded by the Virgin Islands Wrongful Discharge Act since he was never working in an executive capacity; (2) [he] was not a statutory supervisor; (3) even if Plaintiff was a statutory supervisor, Plaintiff is still protected by the Act; and (4) Plaintiff has never been a member of a union that was party to a union contract."[29]

## A. There is Insufficient Evidence on the Record to Grant a Defendant's Motion on the Basis that Bryan was Employed in an Executive Capacity.

¶14.    The Court finds that there is insufficient evidence on the record to grant a Motion to Dismiss based on the Defendant's argument that Bryan is exempt from the WDA given his former

---

[24] *Iqbal*, 559 U.S. at 679.

[25] *Brady v. Cintron*, 55 V.I. 802, 822-23 (V.I. 2011) (citing *Joseph v. Bureau of Corrections*, 54 V.I. 644, 649-50 (V.I. 2011)).

[26] *Id.*

[27] Defendant's Motion to Dismiss, dated June 5, 2019.

[28] *Id.*

[29] Plaintiff's opposition to Defendant's Motion to Dismiss, dated June 24, 2019.

position of general manager. In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim."[30] The Court " does not address the merits of the claim but merely tests whether the claim has been adequately stated in the complaint."[31] Since a motion to dismiss "tests the sufficiency of the complaint, the court's inquiry is limited to the contents of the complaint."[32] The purpose of a motion to dismiss at this stage of litigation "is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case,"[33] Virgin Islands Rule 8(a)(2) allows the Court to proceed with the discovery process and address pleadings based on the merits of each asserted claim,[34] and "[p]leadings . . . must be fatally defective before they may be rejected as insufficient."[35]

¶15.    Wenhaven argues that given Bryan's position as general manager with oversight over two franchise restaurants that he was employed in a bona fide position in executive capacity and, therefore, exempt from the protection offered by the WDA pursuant to 24 V.I.C. § 62. In support of its position, Wenhaven offers the definition of supervisor contained in the Code of Federal Regulations and adopted by *Sorber v. Glacial Energy VI, LLC*[36]. However, the Court finds that at the current stage of the case, the record is insufficiently developed for the Court to determine whether Bryan was employed in an executive capacity. Bryan's salary is unknown; his duties are unknown; and the extent of his authority is unknown. The Court finds Wenhaven's argument with respect to Bryan being an executive and, therefore, exempt from the WDA is more appropriate for a Motion for Summary Judgment after the discovery process has occurred.

## B. This Court Declines to Follow Third Circuit's Holding that the NLRA Preempts the WDA with regards to Supervisors.

¶16.    Wenhaven argues that according to Rule 12(b)(6), Bryan has no cause of action under the WDA because "both the explicit terms of the Act and the preemptive provisions of federal labor law preclude recovery by a managerial employee such as Mr. Bryan."[37] Further, Wenhaven argues that "as the 'general manager' responsible for the oversight of two local fast food restaurant franchises, Mr. Bryan was terminable at will, absent a written employment agreement to the contrary."[38]

---

[30] *Espinosa v. Government of the V.I.*, 20 V.I. 78, 1983 V.I. LEXIS 38 (1983).

[31] *Hans Lollik Corporation v. Government of the Virgin Islands*, Terr. Ct. St. T. and St. J. 1981, *Hans Lollik Corp. v. Government of the Virgin Islands*, 17 V.I. 220, 1981 V.I. LEXIS 79 (Terr. Ct. St. T. and St. J. 1981).

[32] *Callender v. Nichtern*, 32 V.I. 96, 1995 V.I. LEXIS 24 (1995), See also, *Pepper-Reed Co. v. McBro Planning & Dev. Co.*, 19 V.I. 534, 564 F. Supp. 569, 1983 U.S. Dist. LEXIS 17545 (1983).

[33] § 39:32.General standards for a Rule 12(b)(6) dismissal, 6 Annotated Patent Digest § 39:32

[34] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("The liberal notice pleading of [Federal] Rule [of Civil Procedure] 8(a) . . . was adopted to focus litigation on the merits of a claim.").

[35] *Corwin v. British American Tobacco PLC*, 796 S.E.2d 324, 333 (N.C. Ct. App. 2016).

[36] *Sorber v. Glacial Energy VI, LLC*, 2013 V.I. LEXIS 12, at *12 (V.I. Super. Ct. March 7, 2013), abrogated in part by *Rennie*, 62 V.I. at 544.

[37] Defendant's Motion to Dismiss, dated June 5, 2019.

[38] *Id.*

¶17.    Wenhaven's arguments are premised upon *St. Thomas - St. John Hotel & Tourism Association v. Gov't of U.S. Virgin Islands ex rel. Virgin Islands Depart. of Labor*, in which the Third Circuit Court of Appeals held that Section 14(a) of the National Labor Relations Act preempts the WDA with respect to wrongful discharge claims filed by individuals who qualify as former "supervisors" under Section 2(11) of the NLRA, resulting in the preclusion of those individuals from filing wrongful discharge claims.[39]

¶18.    *St. Thomas-St. John Hotel & Tourism Ass'n. Inc.*, was decided in 2004, the same year the Virgin Islands Supreme Court was created and before the Virgin Islands Supreme Court assumed its appellate jurisdiction and became the court of last resort in the U. S. Virgin Islands. The creation of the Virgin Islands Supreme Court "changed the relationship between the local Virgin Islands judiciary and the Third Circuit."[40] Since 2004, the Virgin Islands Supreme Court has held that it is not required to follow "…decisions of the District Court or the Third Circuit interpreting local Virgin Islands law."[41]

¶19.    In *Pedro v. Ranger Am. of the Virgin Islands*, the Supreme Court of the Virgin Islands criticized the application of a federal framework to the WDA, noting that the Third Circuit had also strongly criticized this approach:

> In holding that Pedro's proposed amendment would be futile, the Superior Court applied the burden shifting approach adopted by the District Court in *Rajbahadoorsingh v. Chase Manhattan Bank, NA*, 168 F.Supp.2d 496, 503–04 (D.V.I. 2001). This approach borrowed from the framework adopted by the United States Supreme Court for Title VII trials in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–02 (1973)—places the burden on the plaintiff to allege, and then at trial present prima facie proof that "(1) he was an employee; (2) of a covered employer; (3) he was discharged; and (4) the discharge was wrongful." *Rajbahadoorsingh*, 168 F.Supp.2d at 504–05 (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)).
>
> This Court, however, recently explained that "the United States Court of Appeals for the Third Circuit strongly criticized this approach, finding that there is no basis in the plain language of [the VIWDA] or its legislative history for incorporating this federal test into Virgin Islands jurisprudence." *Rennie*, 2015 WL 525941, at *6 (citing *Maynard v. Rivera*, 675 F.3d 225, 230 (3d Cir.2012)). And, while the Third Circuit in *Maynard* "declined to overturn *Rajbahadoorsingh* and its progeny," this Court explicitly rejected the conclusions in *Rajbahadoorsingh* in *Rennie*, holding that a plaintiff only has "the burden of pleading—and ultimately proving—that he was discharged, while the permissible grounds for discharge set forth in sections 76(a)(1)-(9) and

[39] 357 F.3d 297, 304-305 (3d Cir. 2004).

[40] *In re People of the V.I.*, 51 V.I. 374, 389 n. 9 (V.I. 2009), *cert. denied*, No. 09–3492, slip op. at 1 (3d Cir. Nov. 5, 2009)

[41] *Defoe v. Phillip*, 56 V.I. 109 ( V.I. 2012) (citing *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 403 n. 7 (V.I.2008).

76(c) [are] affirmative defenses that the defendant would be required to plead and prove." *Rennie*, 2015 WL 252941, at *6–7 (citing *Gumbs–Heyliger v. CMW & Assocs. Corp.*, Civ. No.2012–00078, 2014 WL 5901005, at *4 (D.V.I. Nov. 13, 2014) (unpublished)).

As we made clear in *Rennie*, utilizing the *McDonnell Douglas* framework in VIWDA cases makes little sense given the different goals of the VIWDA and Title VII. On the one hand, Title VII serves as an exception to employment-at-will, a well-established common-law doctrine accepted in nearly all American jurisdictions, subject only to limited public-policy exceptions recognized by statute and common law. *See, e.g., Bruffett v. Warner Commc'ns, Inc.*, 692 F.2d 910, 916 (3d Cir.1982) ("Under the 'employment at will' doctrine which prevailed at common law, the employment relationship was terminable at will in the \*\*519 absence of a contract to the contrary.... [But] Congress has limited employers' rights to discharge at will because of certain overriding national policies."); *Lockhart v. Cedar Rapids Cmty. Sch. Dist.*, 577 N.W.2d 845, 846 (Iowa 1998)("[T]he modern employment-at-will doctrine is ... one that permits termination at any time for any ... reason that is not contrary to public policy."); *McArn v. Allied Bruce–Terminix Co.*, 626 So.2d 603, 607 (Miss.1993)(recognizing limited "public policy exceptions to the age old common law rule of employment at will"). Title VII embodies a nationwide exception to this common-law doctrine, "prohibiting discharge based on race, color, religion, sex, or national origin." *Bruffett*, 692 F.2d at 916.

In contrast, the VIWDA is a "statutory abrogation of the common law rule of at-will employment." *Rennie*, 2015 WL 525941, at *6. Although interpreting a statute in a manner that abrogates the common law is disfavored, *Cascen v. People*, 60 V.I. 392, 404–05 (V.I.2014), the plain language of the VIWDA unequivocally expresses the Legislature's intent to abolish the common-law employment-at-will doctrine by creating a presumption that any employment discharge is wrongful, stating that "[a]ny employee discharged for reasons other than those stated in subsection (a) of this section shall be considered to have been wrongfully discharged." *Rennie*, 2015 WL 525941, at *6 (quoting 24 V.I.C. § 76(c)).[42]

¶20.    In this case, Wenhaven's Motion to Dismiss argues that "both the explicit terms of the Act and the preemptive provisions of federal labor law preclude recovery by a managerial employee such as Mr. Bryan."[43] Wenhaven also argues that "as the 'general manager' ... Bryan was terminable at will, absent a written employment agreement to the contrary."[44]

---

[42] *Pedro v. Ranger American of the Virgin Islands, Inc.*, 63 V.I. 511, 518-519 (V.I. 2015).

[43] Motion to Dismiss at 1.

[44] *Id.*

¶21.    The Supreme Court of the Virgin Islands has not yet ruled on whether the NLRA preempts the Virgin Islands WDA regarding wrongful discharge claims asserted by supervisory employees. This Court is aware, through a series of rulings from the Supreme Court of the Virgin Islands, that it should not rigidly, blindly or mechanistically apply federal policy, doctrines, rules, statutes or the Restatement of Laws in matters of Virgin Islands law thereby delegating the judicial power of the Virgin Islands to other jurisdictions.[45]

¶22.    The foundation of the *St. Thomas-St. John Hotel* opinion was found to be questionable in *Charles v. CBI Acquisitions*:

> As observed by the Court in *Canton v. VI. Humanities Council*, the Third Circuit appears to have based its holding in part on a conflation of employment contracts and union contracts, as evinced by the statement that "if the WDA is applied to supervisors, the only way for an employer to alter or expand the WDA's nine enumerated grounds for terminating a supervisor/employee would be to enter [into] a 'union contract' with the supervisor."[46]

¶23.    This Court cannot unquestioningly adopt the Third Circuit's analysis regarding the NLRA's preemption of the WDA finding it based upon an erroneous premise and for the reasons provided below, declines to adopt the Third Circuit's ruling in *St. Thomas-St. John Hotel & Tourism Ass'n. Inc.*

¶24.    In *St. Thomas-St. John Hotel & Tourism Ass'n. Inc.*, the Third Circuit Court reasoned, "the only way for an employer to alter or expand the WDA's nine enumerated grounds for terminating a supervisor/employee would be to enter [into] a 'union contract' with the supervisor."[47]. However, such contract would not be a "union contract" under the NLRA. A union contract, formally known as a collective bargaining agreement, is a "contract between an employer and a labor union regulating employment conditions, wages, benefits, and grievances."[48] A collective bargaining agreement (CBA) is not the same as an individual employment contract. A CBA is a labor contract negotiated by a labor union on behalf of the employees it represents. For an employment contract to be considered a "union contract," an employer could not "bargain with the supervisor as an employee" but, instead, it would have to bargain with a labor union representing the supervisor.

¶25.    In addition, *St. Thomas-St. John Hotel & Tourism Ass'n. Inc.*, relied upon the U.S. Supreme Court's NLRA preemption case law which is inapplicable to the instant case: *Beasley v. Food Fair of North Carolina, Inc.* 416 U.S. 653 (1974). In *Beasley*, managers at a grocery chain were discharged after they joined a labor union. The managers attempted to file a claim under a North Carolina law prohibiting employers from discriminating against employees for union membership

---

[45] *Gov't of the V.I. v. Connor*, 60 V.I. 597, 602 (V.I.2014) (citing *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 980 (V.I.2011); *Vanterpool v. Gov't of Virgin Islands*, 63 V.I. 563 (V.I. 2015).

[46] *Charles v. CBI Acquisitions, LLC*, No. ST-15-CV-279, 2018 WL 4095605, at *3 (V.I. Super. Aug. 21, 2018)

[47] 357 F.3d at 303.

[48] *Collective Bargaining Agreement*, BLACK'S LAW DICTIONARY (11th ed. 2019).

without an exception for supervisors. The U.S. Supreme Court held that the NLRA preempts the North Carolina law in regards to supervisors because the NLRA is clear that employers may take adverse employment actions against supervisors for participating in union activities.[49]

¶26.    The Third Circuit is correct when it states that *Beasley* "teaches that state (or territorial) laws that pressure employers to accord supervisors the status of employees for collective bargaining purposes conflict with Section 14(a) of the NLRA."[50] However, the Third Circuit reads *Beasley* too broadly and excludes all supervisors from the WDA's protections. While in *Beasley* the plaintiffs were members of a labor union, in the present case, Bryan is not represented by a labor union. Therefore, Wenhaven cannot feel pressured to enter collective bargaining negotiations regarding Bryan's terms and conditions of employment, in particular the standard under which he can be discharged, if there is no labor union with whom Wenhaven can bargain.

¶27.    As expressed by the U.S. Supreme Court in *Beasley,* a major concern Congress had when choosing to exempt supervisors from the protections of the NLRA was "to redress a perceived imbalance in labor-management relationships that was found to arise from putting supervisors in the position of serving two masters with opposed interests."[51] However, Bryan is neither represented by a labor union nor was there evidence presented that he tried to join a labor union. Therefore, there is no other "master" Bryan could serve besides Wenhaven, and there is no reason to rule that the NLRA preempts his WDA claim.

¶28.    Considering the reasons above, this Court cannot follow the Third Circuit's holding that the NLRA preempts the WDA in regards to supervisors and considers the just cause provisions applicable to supervisors and non-supervisors. Moreover, this Court's decisions are appealed to the Supreme Court of the Virgin Islands which may disregard the Third Circuit's post–2007 decisions on territorial law.[52]

### C. Plaintiff's Complaint Alleges Adequate Facts to State a Plausible Claim for Relief Under the Wrongful Discharge Act

¶29.    When addressing a Rule 12(b)(6) motion, the Court views the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the non-moving party.[53] As both parties acknowledged, the Virgin Islands is a notice pleading jurisdiction. A plaintiff merely needs to provide a basic legal and factual basis for her claim to put a defendant on fair notice of the claims brought against him.[54] In fact, "[t]he complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that

---

[49] 416 U.S. at 662.

[50] *St. Thomas - St. John Hotel & Tourism Ass'n*, 357 F.3d at 303.

[51] *Beasley*, 416 U.S. at 61-62.

[52] *Defoe v. Phillip*, 702 F.3d 735, 744 (3d Cir. 2012).

[53] *See id.*

[54] *See Bank of Nova Scotia v. Flavius*, Super. Civ. No. SX-16-CV-125, 2018 WL 745958, at *6 (Super. Ct. Feb. 2, 2018).

entitles him or her to relief."[55] Further, matters outside of the pleadings should not be considered in deciding a Rule 12(b)(6) motion to dismiss.[56]

¶30.    Bryan has met his burden of alleging adequate facts to state a plausible claim for relief under the WDA pleading that he was an employee of Wenhaven and that he was discharged. The permissible grounds for discharge set forth in sections 76(a)(1)-(9) and 76(c) are affirmative defenses that Wenhaven would be required to plead and prove.[57] The purpose of a motion to dismiss at this stage of litigation "is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case."[58] The Complaint is sufficient to allow the case to proceed with the discovery process and address pleadings based on the merits of the asserted claims.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, which was filed on June 6, 2019, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Ruling on Motion to Dismiss, which was filed on November 7, 2019, is **DENIED as moot**; and it is further

**ORDERED** that Plaintiff's Second Motion for Ruling on Defendant's Motion to Dismiss, which was filed on August 27, 2020 is **DENIED as moot**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: 9/29/2020

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

By:

**LORI BOYNES**
Chief Deputy Clerk    9/29/2020

---

[55] *Howe v. MMG Ins. Co.*, 95 A.3d 79, 81-82 (Me. 2014) (internal quotation marks omitted).

[56] *Callender v. Nichtern*, 32 V.I. 96, 1995 V.I. LEXIS 24 (1995), See also, *Pepper-Reed Co. v. McBro Planning & Dev. Co.*, 19 V.I. 534, 564 F. Supp. 569, 1983 U.S. Dist. LEXIS 17545 (1983).
§ 39:35.Matters outside the pleadings, 6 Annotated Patent Digest § 39:35

[57] *Rennie v. Hess Oil Virgin Islands Corporation*, 62 V.I. 529, 544 (V.I. 2015)

[58] § 39:32. General standards for a Rule 12(b)(6) dismissal, 6 Annotated Patent Digest § 39:32.