Barrett S. **HAZELL**, Plaintiff,

v.

**EXECUTIVE AIRLINES, INC.** d/b/a **American Eagle**, Defendant.

No. Civ. 1995–003.

District Court, Virgin Islands, D. St. Thomas.

Jan. 24, 2002.

have treated defendants' motion as one for summary judgment on all counts.

Vincent F. Frazer, St. Thomas, VI, for the plaintiff.

David J. Comeaux, Charles E. Engeman, St. Thomas, VI, for the defendant.

## MEMORANDUM

MOORE, District Judge.

Defendant Executive Airlines d/b/a American Eagle ["Executive Airlines" or "defendant"] has moved for summary judgment. Plaintiff Barrett Hazell ["Hazell" or "plaintiff"] opposes this motion. For the reasons set forth below, the Court will grant defendant's motion.

## I. FACTS

On October 12, 1987, Executive Airlines hired Hazell, a black man originally from St. Kitts, as a supervisor in its St. Thomas location. Until 1992, Hazell received "satisfactory" and "better than average" ratings on his job performance evaluations. After the discovery of fraudulent activity on the part of some employees,[1] all the St. Thomas supervisors, including Hazell, were warned that they must improve "their poor performance and lack of leadership as supervisors." Two months later, the defendant warned Hazell specifically about his failure "to liv[e] up to the expectations established by [the company]." In October 1992, Executive Airlines hired Sherri Duncan ["Duncan"], a white female, as the general manager. According to Hazell, his relationship with Duncan and his initial performance evaluations were satisfactory, but after December 1992, his relationship and performance evaluations steadily deteriorated. According to Duncan, she counseled Hazel on his deficiencies in administration, meeting deadlines, his ability to lead others, and his failure to complete assignments (i.e. filling out time cards).

---

1. Apparently, some employees had misappropriated funds. The discovery of this fact lead to the termination of the employees involved and the demotion of the general manager.

After witnessing some initial improvement of plaintiff's work, Duncan issued Hazell a written advisory on June 10, 1993 detailing performance deficiencies for poor management in connection with the termination of an employee and his failure to document the terminated employee's file properly. Finally, on July 31, 1993, Hazell allegedly failed "to provide adequate coverage at the gate or to be available for that agent at the gate to assist in minimizing [a flight] delay." Moreover, he allegedly asked another agent to total the time cards, failed to secure these cards and failed to follow procedures regarding the notation and securing of void tickets. As a result of these deficiencies, Duncan demoted Hazell to a non-supervisory position on August 4, 1993. Hazell grieved his demotion to the president of Executive Airlines, Tom DelValle ["DelValle"]. On August 31st, DelValle met with Hazell, reviewed the situation and ultimately upheld the demotion. Hazell then sued defendant on January 4, 1993, alleging a federal claim of discrimination under Title VII, and local claims for breach of an implied covenant of good faith and fair dealing and intentional infliction of emotional distress. This Court has jurisdiction of the federal question pursuant to section 22(a) of the Revised Organic Act of 1954 [2] and 28 U.S.C. § 1331 and of the territorial claims under 28 U.S.C. § 1367.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue respecting any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Sharpe v. West Indian Co.*, 118 F.Supp.2d 646, 648 (D.Vi.2000). The nonmoving party may not rest on mere allegations or denials, but must establish by specific facts that there is a genuine issue for trial from which a reasonable juror could find for the non-movant. *See Saldana v. Kmart Corp.*, 42 V.I. 358, 360–61, 84 F.Supp.2d 629, 631–32 (D.Virgin Islands 1999), *aff'd in part and rev'd in part,* 260 F.3d 228 (3d Cir.2001). Only evidence admissible at trial shall be considered and the Court must draw all reasonable inferences therefrom in favor of the nonmovant. *See id.*

### B. Discrimination Standard

■ As I recently noted in *Rajbahadoorsingh v. Chase Manhattan Bank,* 168 F.Supp.2d 496 (D.Vi.2001), the Supreme Court of the United States has established a three-prong test for the viability of a discrimination suit. First, the plaintiff "must carry the initial burden under the statute establishing a prima facie case of [unlawful] discrimination." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To accomplish this, the plaintiff must show that: (1) he is part of a protected class; (2) he was qualified for his position; (3) despite these qualifications, he was terminated; and (4) he was replaced by a member of a non-protected class or "someone in a non-protected class, otherwise similarly situated, was treated more favorably." *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253

**2.** 48 U.S.C. § 1612(a). The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1).

n. 6, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. 1817; *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir.1994); *Hicks v. Arthur*, 878 F.Supp. 737, 738 (E.D.Pa.1995), *aff'd*, 72 F.3d 122 (3d Cir.1995). Under this first prong, "[e]stablishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Burdine*, 450 U.S. at 254, 101 S.Ct. 1089.

 Once the plaintiff establishes this presumption, the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. 1817. Under this second prong, the employer has the burden of producing rebuttal evidence. *See Hicks*, 509 U.S. at 506–07, 113 S.Ct. 2742; *see also Burdine*, 450 U.S. at 255, 255 n. 9, 101 S.Ct. 1089 (noting that such evidence must be admissible). The employer can satisfy this burden "by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." *Fuentes*, 32 F.3d at 763 (citing *Hicks*, 509 U.S. at 507, 113 S.Ct. 2742). This second prong does not require the employer to prove "that it was actually motivated by the proffered reasons. It is sufficient if the [employer's] evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Burdine*, 450 U.S. at 254, 101 S.Ct. 1089. Even though the burden of production shifts to the defendant, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* at 253, 101 S.Ct. 1089.

 Finally, once the defendant has offered a legitimate, nondiscriminatory reason for its actions, the burden of production under the third and final prong shifts back to the plaintiff to show, by a preponderance of the evidence, that the proffered reason is pretextual. *See id.* at 256, 101 S.Ct. 1089. To satisfy this burden, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes*, 32 F.3d at 764 (citing *Hicks*, 509 U.S. at 511, 113 S.Ct. 2742).

## III. DISCUSSION

### A. Hazell's Discrimination Claim

 I must grant the defendant's summary judgment because Hazell's claim fails on two grounds: (1) he has failed the first prong, i.e., he has not established a prima facie claim of employment discrimination, and (2) he has failed the third prong, i.e., he has not shown that the defendant's legitimate, nondiscriminatory reason for his termination was pretextual.

 Addressing the second failure first, and assuming *arguendo* and for the moment that Hazell can establish a prima facie claim of employment discrimination, Executive Airlines has established a legitimate, nondiscriminatory reason for his termination, namely plaintiff's performance deficiencies. Hazell thus has the burden of discrediting Executive Airlines' proffered explanation by a preponderance of the evidence. "The fact that a judge or jury might disbelieve the defendant's asserted nondiscriminatory reason is not enough, by itself, to preclude summary judgment. Rather, the plaintiff must be able to adduce evidence, whether direct or circumstantial, from which a reasonable [person] could conclude that the defen-

dant's explanation is incredible." *Chauhan v. M. Alfieri Co.*, 897 F.2d 123, 128 (3d Cir.1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Moreover,

> the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue· is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent. Rather, the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence,' and hence infer 'that the employer did not act for [the asserted] nondiscriminatory reasons.'

*Fuentes*, 32 F.3d at 765 (internal citations omitted). This Court concludes that Hazell has failed to satisfy his burden.

■■■ In an effort to show that Executive Airlines' proffered reason was pretextual, Hazell points to his deposition testimony, which alleges statements made by Duncan to third parties of her intent to hire white supervisors because they would be more respected. (Pl.'s Opp. to Def.'s Mot. for Summ. J. at 7.) [3] He argues that these statements, when combined with the fact that after his demotion the only remaining supervisors were white, establishes a collective corporate discriminatory intent to hire white supervisors. (*Id.*) As noted above, a party may not rely on mere allegations, but must establish by specific facts by admissible, non-hearsay evidence that there is a genuine issue of fact for

trial. *See Saldana v. Kmart Corp.*, 42 V.I. 358, 360–61, 84 F.Supp.2d 629, 631–32 (D.Vi.1999), *aff'd in part and rev'd in part*, 260 F.3d 228 (3d Cir.2001). Having failed to provide admissible testimony via affidavits or otherwise to establish these hearsay statements attributed to Duncan, Hazell cannot use them to show that Executive Airlines' proffered reason was pretextual.

Moreover, the facts of this case belie plaintiff's assertion that defendant engaged in discriminatory hiring practices. After Hazell was demoted, his supervisory position was ultimately eliminated and some of his duties were taken over by three lead agents Duncan selected, two of whom were black. In addition, of the two supervisors hired by Duncan during her tenure as general manager, one was white and the other was black. These facts directly contradict Hazell's assertion that Duncan wanted to hire only white supervisors.

Accordingly, Hazell has failed the third prong of the *McDonnell–Burdine–Hicks* test, namely, he has not provided preponderating evidence to permit this Court reasonably to "(1) disbelieve [Executive Airlines'] articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [defendant's] action." *Fuentes*, 32 F.3d at 764 (citations omitted).

■■■ Since Hazell attempts to argue that similarly situated white supervisors, namely Duncan and Terri Thomas ["Thomas"], were treated more favorably as support for his claim that defendant's proffered reason was pretextual, I now turn to his failure to satisfy the first prong of the

---

**3.** Duncan allegedly made these statements to Brent Barzey, a former employee, and Brenda Boone, an American Airlines employee. (Hazell Dep. at 69.) Hazell also argues that Duncan's alleged statement to Hazell of her desire to bring in supervisors from the states implied white supervisors on account of her earlier comments. (Pl.'s Opp. to Def.'s Mot. for Summ. J. at 7.)

Supreme Court's test. For his prima facie case of employment discrimination, Hazell easily has shown that he is a member of a protected class, was qualified for his position, and suffered an adverse employment action. He has not, however, been able to prove that Executive Airlines treated similarly situated non-black employees more favorably.

■ First of all, as Duncan was his supervisor, I can consider only Terri Thomas, who is white, as an individual who was possibly similarly situated to plaintiff. *See Osuala v. Community College of Philadelphia*, Civ. No. 00–98, 2000 WL 1146623, *7, 2000 U.S. Dist. LEXIS 11609 *21 (E.D.Pa. Aug.15, 2000) (noting that employees cannot be similarly situated to their supervisors), *aff'd*, 259 F.3d 717 (3d Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 219, —— L.Ed.2d —— (2001). Second, Hazell fails to demonstrate how Thomas was similarly situated. "To be deemed similarly situated, the individuals with whom a plaintiff seeks to be compared must have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Bullock v. Children's Hosp. of Philadelphia*, 71 F.Supp.2d 482, 489 (E.D.Pa.1999). Thus, Hazell must prove that Thomas had performance deficiency warnings similar to his own, but was treated more favorably. *See Simpson v. Kay Jewelers*, 142 F.3d 639, 647 (3d Cir.1998) (noting that "the focus is on the particular criteria or qualifications identified by the employer as the reason for the adverse action"). Although Hazell can establish some similarities in Thomas' conduct,[4] he has failed to prove that Thomas, or any

other supervisor for that matter, had a similar history of performance deficiency warnings and was not similarly disciplined or terminated. Accordingly, plaintiff has not established the last requirement of the first prong of the *McDonnell–Burdine–Hicks* test, namely, that he was replaced by a member of a non-protected class or that "someone in a non-protected class, otherwise similarly situated, was treated more favorably."

Therefore, as Hazell has failed to satisfy either the first or third prongs of the *McDonnell–Burdine–Hicks* test, I will grant defendants' motion for summary judgment on plaintiff's Title VII claims. In the absence of a federal claim, there is no reason to exercise this Court's jurisdiction under 28 U.S.C. § 1367 to hear the remainder of plaintiff's purely local claims against defendant.

## IV. CONCLUSION

Hazell has failed to establish a prima facie case of employment discrimination or to provide any evidence that would permit this Court to find that Executive Airlines' nondiscriminatory, legitimate reasons for demoting him were pretextual. Therefore, this Court will grant the defendant's motion for summary judgment. Defendant's motion to strike plaintiff's opposition to its motion for summary judgment as untimely filed will be denied as moot.

## ORDER

For the reasons set forth in the foregoing Memorandum of even date, it is hereby

**ORDERED** that defendants' motion for summary judgment (Docket No. 74) is **GRANTED;** and it is further

---

**4.** Hazell argues that Thomas was responsible for ten minute flight delays, but was never disciplined, and that his handling of the payroll cards and the logging and verifying of voided tickets was no different than any other supervisors. (Pl.'s Opp. to Def.'s Mot. for Summ. J. at 5–7.)

**ORDERED** that defendants' motion to strike plaintiff's opposition to defendants' motion for summary judgment (Docket No. 78) is **DENIED** as **MOOT**.