**FILED**
May 22, 2025 04:51 PM
ST-2014-CV-00342
TAMARA CHARLES
CLERK OF THE COURT



## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LIONEL PARSONS, ) | CASE NO. ST-2014-CV-00342 |
| ) | |
| Petitioner, ) | |
| ) | ACTION FOR WRIT OF REVIEW |
| -vs- ) | |
| ) | |
| PUBLIC EMPLOYEES RELATIONS ) | |
| BOARD AND THE GOVERNMENT OF THE ) | |
| VIRGIN ISLANDS ) | |
| ) | |
| Respondents. ) | |

Cite as: 2025 VI Super 14U

Appearances:

CLIVE C. RIVERS, ESQUIRE
LAW OFFICES OF CLIVE RIVERS
St. Thomas, VI
*For Petitioner*

GWENDOLYN W. STROUD, ESQUIRE
St. Croix, VI
*For Respondent Public Employees Relations Board*

IAN S.A. CLEMENT, ESQUIRE
Chief Deputy Attorney General
V.I. Department of Justice
St. Thomas, VI
*For Respondent Government of the Virgin Islands*

## MEMORANDUM OPINION AND ORDER

¶1    Pending before the Court are:

1. Lionel Parsons' Complaint[1], filed July 11, 2014;

2. Petition for Writ of Review of an Order of the Public Employees Relations Board, filed February 8, 2016;

---

[1] Although Petitioner Lionel Parsons' filing was titled Complaint, it is a Petition for Writ of Review.

3. Respondent Government of the Virgin Islands Opposition to Petitioner's Petition for Writ of Review, filed February 22, 2016;

4. Respondent Public Employees Relations Board's Opposition to Petitioner's Petition for Writ of Review of an Order of the Public Employees Relations Board, filed February 22, 2016; and

5. Reply Brief of the Petitioner, filed March 10, 2016.

¶2    Notably, Parsons never filed a Reply Brief to Respondent Public Employees Relations Board's Opposition, filed February 22, 2016. Parsons only submitted a Reply Brief of the Petitioner that addressed the Opposition of the Respondent Government of the Virgin Islands. For the reasons set forth below, the Public Employee Relations Board's (PERB's) Decision and Order entered *In the Matter of: Lionel Parsons v. Government of the Virgin Islands, Virgin Islands Bureau of Internal Revenue*, PERB-GSA-12-37T (§ 531) will be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    Petitioner Lionel Parsons ("Parsons") worked for the Government of the Virgin Islands ("GVI") for a total of twenty-five (25) years and was employed with the Virgin Islands Bureau of Internal Revenue ("BIR") as the Chief of Computer Operations or Chief Systems Manager (an exempt service position) for approximately eight (8) years.[2] In 2010, BIR moved its offices from the Estate Thomas location to a new facility in East End Plaza, Red Hook, St. Thomas, and was in the process of assessing the type of services it would need to outfit the new location to accommodate their offices.[3] BIR put out a request for proposal for vendors to submit their bids for projects at the new facility. "Director Watson-Anderson testified that she contacted the Department of Property and Procurement ('DP&P') and was advised that the correct procedure is to prepare a fifteen (15) day request for proposal to complete the installation of the network, security surveillance, and communication infrastructure of the Red Hook facility."[4] She stated that Parsons was not in agreement with this procedure. Despite Parsons' concerns, Clear Signal Networks was the successful bidder for the project and was awarded the contract.[5] "The Contract for Professional Services was entered into on July 5, 2011 between the Government of the Virgin Islands Department of Property and Procurement on behalf of the Virgin Islands Bureau of Internal Revenue and Clear Signal Network Solutions."[6] Two (2) amendments to the contract for Software License were also later executed. Several complaints were subsequently filed about Parsons "being an impediment to the progress of completing the project."[7] On or about July 15, 2011 and August 2, 2011, Parsons received an Official Recordation from Deputy Director Prendergast indicating that he was in breach of BIR internal policy in regards to communication failures, excessive

---

[2] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 3.

[3] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 3.

[4] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 4.

[5] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 4.

[6] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 4–5.

[7] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 5.

tardiness, failure to timely appear for meetings, absences from work, and insubordination.[8] It further indicated that Parsons impaired the contractor's work by not being available to open locked doors and failing to provide that contractor with access to the premises.[9] Director Watson-Anderson conducted an Employee Performance Evaluation of Parsons for the time period of April 20, 2009 to February 28, 2012. While there were some factors where Parsons received a rating of "meets standards," there were other factors wherein he received a rating of "not satisfactory" or "requires improvement."[10] In a letter dated May 1, 2012, Dr. Valdemar A. Hill Jr. wrote to Governor John P. de Jongh Jr., recommending the termination of Parsons' employment with BIR, and by May 7, Parsons received a letter from Governor de Jongh notifying Parsons that the request for the termination of his employment was approved.[11]

¶4        On May 24, 2012, Parsons filed his appeal of discrimination under Title 3, Section 531 of the Virgin Islands Code against BIR with the Public Employee Relations Board ("PERB").[12] Parsons made the following allegations before PERB:

> In the instant case, Appellant claims in sum that he was not afforded any due process prior to his termination and that his termination was arbitrary, capricious and illegal, in violation of 3 V.I.C. § 531. Appellant also claims that he was terminated because he voiced his opinion with respect to the contract entered into between the Government and Clear Signal Network. Appellant went so far as to state that he was whistle blower.[13]

¶5        Additionally, in his Petition for Writ of Review, Parsons emphasized that he previously stated before PERB that Clear Signal had offered him a bribe in November 2010[14], and after he reported the bribe and acted as a type of whistle blower, BIR took adverse action against him.[15] Parsons previously argued that the charge of the breach of the BIR's internal policies was "merely pretextual for grounds to remove him from employment" and that he received a performance evaluation that spanned the time period of April 2009 to February 2012, prior to his termination."[16]

¶6        PERB ruled against Parsons, holding that (1) only regular classified employees enjoy due process protections and Parsons was not a regular classified employee and did not have a property interest in continued employment; (2) for the claim concerning being a whistle blower, "PERB has no jurisdiction over matters of professional treatment based upon the Whistleblowers Protection Act" and this statute requires that such a claim be brought in a separate civil action; and (3) Parsons failed to establish a prima facie case of discrimination because he "has not demonstrated that

---

[8] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 5.

[9] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 5.

[10] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 6.

[11] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 6; Pet. Writ Review Order Public Employee Relations Board, 8.

[12] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 6.

[13] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 10.

[14] At page 8 of his Petition for Writ of Review of an Order of the PERB, Parsons' alleges that the bribe occurred in "November 2012" but 2012 appears to be a typo because all other references use the date of November 2010.

[15] Pet. Writ Review Order Public Employee Relations Board, 8.

[16] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 7.

similarly situated employees who were not members of the protected class were treated more favorably."[17] PERB also noted that even if Parsons had met his burden by establishing a prima facie case, PERB would have "determined that Respondent had proffered sufficient legitimate, non-discriminatory reasons for the adverse employment decision as stated on the record."[18] PERB stated how Parsons had alleged "instances of bribery on the record; however, claims of bribery are not within our purview, hence we decline to address this claim."[19] "Appellant has not cited to sufficient examples of alleged injustices that would cause the PERB to conclude that there was an act of illegal discrimination, based on what has been presented in the instant appeal."[20] As a result, on June 12, 2014, PERB entered its final order against Parsons, dismissing the case. On July 11, 2014, Parsons filed the present Petition for Writ of Review before this Court, appealing the PERB's ruling.

## LEGAL STANDARD

### Jurisdiction and Standard of Review

¶7     Section 530a vests the Superior Court of the Virgin Islands with authority to review PERB decisions so long as an application for review is filed within thirty (30) days.[21] It states, in part:

(a) Any party aggrieved by any final order of the PERB issued under section 530 or 531 of this chapter, may appeal to the Superior Court of the Virgin Islands. An application for review must be filed within 30 days after the date of the Final Order and name the PERB as a party respondent. The rules of procedure of the Superior Court regarding a writ of Review shall govern the appeal proceeding. An application not filed in a timely manner shall entitle the prevailing party or PERB to summary judgment enforcing the final order of the PERB.[22]

¶8     For questions of fact, PERB's determinations are conclusive if supported by substantial evidence in the record considered as a whole, and substantial evidence is such evidence that a reasonable mind would accept as adequate to support an agency's conclusion.[23] But questions of law receive plenary review.[24] "No objection not made before the PERB shall be considered in a review by the Superior Court, unless the failure to make the objection is excused by the court because of extraordinary circumstances."[25] "In reviewing a final order of the PERB, the court may enforce the order, modify the order and enforce it, set the order aside, or return the matter to the PERB with instructions for further proceeding not inconsistent with this chapter."[26] A final order

---

[17] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order., 10–14.

[18] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order., 13–14.

[19] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 12.

[20] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 13.

[21] V.I. CODE ANN. tit. 3, § 530a(a).

[22] 3 V.I.C. 530a(a).

[23] *Williams-Jackson v. Pub. Emps. Rels. Bd.*, 52 V.I. 445, 450 (2009) (internal quotations and citations omitted); 3 V.I.C. 530a(b).

[24] *Williams-Jackson*, 52 V.I. at 450 (internal quotations and citations omitted).

[25] 3 V.I.C. 530a(b).

[26] 3 V.I.C. 530a(c).

ends litigation on the merits.[27]

## ANALYSIS

¶9    Parsons is appealing PERB's ruling concerning his claim of discrimination under 3 V.I.C. § 531 against BIR. Title 3 V.I.C. § 531 states:

(a) No question in any form of application or in any examination shall be so framed as to elicit information concerning the political or religious opinions or affiliations or race, age or sex of any applicant, nor shall any inquiry be made concerning such opinions or affiliations, and all disclosure thereof shall be discountenanced. No discriminations shall be exercised, threatened, or promised by any person in the government service against or in favor of any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action, because of political or religious opinions or affiliations or because of race, age or sex, national origin, or any other nonmerit factor.

(b) Any applicant or employee who has reason to believe that he has been discriminated against because of religious or political opinions or affiliations or race, age or sex or national origin in any personnel action may appeal to the Board. The appellant and the person responsible for the alleged discriminatory action shall have the right to be heard and to present evidence. If the Board finds that there was discrimination on any of the above nonmerit factors it shall order appropriate corrective action and its decision shall be final.[28]

"These provisions indicate, and this Court thus holds, that the phrase 'nonmerit factor' as used in Section 531(b) denotes a factor other than one which relates to an employee's fitness or ability to adequately perform the duties of their position."[29]

¶10    In the present case, Parsons argues that BIR terminated his employment because of the nonmerit factors of him allegedly reporting a bribe (with the bribe directed towards him from Clear Signal Networks) to BIR's Legal Counsel and Disclosure Officer, being a whistleblower, and being critical of Clear Signal, and PERB allegedly failed to utilize the retaliation discrimination framework similar to that of Title VII of the Civil Rights Act of 1964. Specifically, Parsons raises three main issues with PERB's ruling:

In this case, the PERB was mistaken in three respects. First, they missed the mark with respect to their jurisdiction to consider bribery as a part of Mr. Parsons' discrimination claim. Second, they also misunderstood their jurisdictional ability to address the whistleblower claims as part of the prima facie case for discrimination.

---

[27] *Prosser v. Public Servs. Comm'n of the U.S.V.I.*, 56 V.I. 391, 401 (V.I. 2012) (citing *Estate of George v. George*, 50 V.I. 268, 274 (V.I. 2008)) ("The September 14, 2010 order from the Superior Court was a final order, because it 'end[ed] the litigation on the merits....'").

[28] V.I. CODE ANN. tit. 3, § 531(a)-(b).

[29] *V.I. Narcotics Strike Force v. Watson*, No. CIV. 333/94, 2000 WL 33147160, at *6 (Terr. V.I. Nov. 27, 2000).

Finally, the PERB's ruling as to the threshold requirement of setting forth a *prima facie* case for discrimination is not as high as the Board conceives.[30]

Parsons claims that he has sufficiently established a prima facie case to demonstrate a violation of 3 V.I.C. § 531 by BIR and that PERB's decision neither was supported by substantial evidence nor applied the proper legal ruling to the facts.

## I.     PERB did not have jurisdiction to address Parsons' whistleblower claim.

¶11     Parsons argues that PERB inaccurately determined that it lacked jurisdiction to address his whistleblowing claim. He claims that being a whistleblower is a critical component of his prima facie case of alleged retaliation discrimination. Notably, a "whistleblower" is defined as "[a]n employee who reports employer wrongdoing to a governmental or law-enforcement agency."[31]

¶12     However, PERB maintains that it does not have jurisdiction to hear such a whistleblowing claim.[32] It highlights that the Whistleblowers Protection Act ("WPA") governs whistleblowing claims.[33] Parties may bring such claims before the Superior Court as part of a civil action.[34] "Generally, in order to prove a claim under the WPA, Plaintiff must allege that: (1) he was engaged in conduct protected under the WPA; (2) that Defendants took adverse action against him; and (3) that there was a causal connection between the protected conduct and the adverse action."[35] But, as PERB (formerly known as Government Employees Service Commission or "GESC") argues, "GESC lacks jurisdiction over matters governed by the Whistleblowers Protection Act."[36] "Importantly, when construing two statutes, such as the Whistleblowers Protection Act and the GESC enabling statute, it is well settled that the specific statute takes precedence over the general statute."[37]

¶13     This Court finds that claims of whistleblowing must be brought separately before the Superior Court (under the WPA) and not PERB. Consequently, PERB did not have jurisdiction to hear Parsons' whistleblower claim, and Parsons' whistleblower claim is not properly before this Court.

---

[30] Pet. Writ Review Order Public Employee Relations Board, 10.

[31] WHISTLEBLOWER, Black's Law Dictionary (12th ed. 2024).

[32] Resp't Public Employees Relations Board's Opp'n Pet.'s Pet. Writ Review Order Public Employee Relations Board, 9.

[33] 10 V.I.C. § 122.

[34] 10 V.I.C. § 123; *Cruz v. Virgin Islands Water & Power Auth.*, No. ST-15-CV-491, 2016 WL 6680452, at *3 (V.I. Super. Nov. 10, 2016) ("While PERB has the general authority to hear a regular public employee's appeal from his dismissal, demotion, or suspension, the WPA grants the Superior Court jurisdiction specifically over whistleblower claims.").

[35] *Hill v. De Jongh*, No. ST-10-CV-585, 2012 WL 1439591, at *3 (V.I. Super. Apr. 19, 2012) (citing *Johnson v. Virgin Islands*, 35 V.I. 27, 31 (Terr.Ct.1996)).

[36] *Molloy v. Gov't Emps. Servs., Comm'n*, No. CIV.171/1994, 2000 WL 1060434, at *9 (Terr. V.I. May 15, 2000).

[37] *Id.*

## II.    Parsons failed to establish a prima facie case of discrimination.

¶14    As PERB states, the Supreme Court of the United States established a three-prong framework for an employment discrimination suit, and this framework is regularly used in the Virgin Islands.

> First, a plaintiff "must carry the initial burden under the statute establishing a prima facie case of [unlawful] discrimination." The plaintiff must demonstrate that "(1) he is part of a protected class; (2) he was qualified for his position; (3) despite these qualifications, he was terminated; and (4) he was replaced by a member of a non-protected class or 'someone in a non-protected class, otherwise similarly situated, was treated more favorably.'" The plaintiffs [sic] establishment of a "prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." After the plaintiff establishes this presumption of discrimination, "the burden of production shifts to the defendant to 'articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" The employer has the burden of producing rebuttal evidence and may satisfy this burden "by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision."
> Once the employer "has offered a legitimate, nondiscriminatory reason for its actions, the burden of production under the third and final prong shifts back to the plaintiff to show, by a preponderance of the evidence, that the proffered reason is pretextual."[38]

¶15    PERB ruled against Parsons because he failed the first of the three prongs. In its final judgment, PERB concluded that, "Appellant is a member of a protected class, he was qualified for his position, and he suffered an adverse employment action. However, Appellant has not demonstrated that similarly situated employees who were not members of the protected class were treated more favorably."[39]

### A. Claim of retaliation discrimination.

¶16    For the prima facie case, Parsons claims that the framework used by PERB is unsuitable because the first prong is too restrictive. "The PERB's ruling is tantamount to declaring that it is legally impossible for a plaintiff to establish a *prima facie* case if the plaintiff fails to produce evidence that similarly-situated employees were treated favorably."[40] Parsons claims that this part of the analysis is not an element in *McDonnell Douglas Corp. v. Green* for racial discrimination.[41]

---

[38] *Bonelli v. Gov't of the Virgin Islands*, No. ST-13-CV-175, 2015 WL 1407259, at *3 (V.I. Super. Mar. 19, 2015), *aff'd sub nom. Bonelli v. Gov't of Virgin Islands*, 67 V.I. 714 (2017) (internal citations omitted); *e.g., Hazell v. Exec. Airlines, Inc.*, 181 F. Supp. 2d 444, 447 (D.V.I. 2002); *e.g., Greene v. Virgin Islands Water & Power Auth.*, No. 1:06-CV-11, 2011 WL 3032466, at *2 (D.V.I. July 22, 2011), *aff'd*, 557 F. App'x 189 (3d Cir. 2014).

[39] *Parsons v. BIR*, PERB-GSA-12-37T (§531), Decision and Order, 13.

[40] Pet. Writ Review Order Public Employee Relations Board, 14.

[41] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973), *holding*

Instead, Parsons argues that PERB is mistaken because PERB failed to properly consider retaliatory discrimination (like under Title VII of the Civil Rights Act of 1964) and did not utilize the different accompanying framework. This specific framework for retaliation discrimination under Title VII is the following.

> "Title VII protects 'those who oppose discrimination made unlawful by Title VII.'" "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that '(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.'" "Not every complaint entitles its author to protection from retaliation under Title VII." "Rather, only complaints about discrimination prohibited by Title VII—that is, discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2—constitute 'protected activity.'" "Thus, for a complaint to amount to 'protected activity,' it must implicate an employment practice made illegal by Title VII." "General complaints of unfair treatment will not suffice."[42]

¶17     Parsons argues that this different framework for retaliation discrimination is more suitable when considering his claims of bribery and whistleblowing.[43] He claims that BIR unlawfully terminated his employment because "he engaged in protected activity of reporting an attempted bribery to his employer."[44] Parsons argues that this framework with the protected activity of reporting bribery (and whistleblowing) is a nonmerit factor implicitly under 3 V.I.C. § 531.[45]

¶18     In their oppositions, PERB and GVI highlight problems with utilizing this retaliation framework. First, PERB states that, pertaining to the initial PERB hearing, "Mr. Parsons' appeal of discrimination and testimony is devoid of any allegation of retaliation," but Parsons did indicate that he was terminated for "voicing his opinion about a service contract agreement with BIR and a vendor."[46] Second, GVI claims that "retaliation is not statutorily within the PERB's jurisdiction" as 3 V I C § 531 "does not state or imply that the legislature intended that it include retaliation."[47] Third, both PERB and GVI argue that, even if PERB had jurisdiction regarding retaliation discrimination, Parsons has not established a prima facie case for retaliation discrimination,

*modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993) ("This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.").

[42] *Campbell v. Donahoe*, No. CIVIL 2008-130, 2013 WL 450644, at *3 (D.V.I. Feb. 6, 2013) (internal citations omitted); *See, e.g.*, *Guye v. Lutheran Soc. Servs. of the Virgin Islands, Inc.*, No. SX-10-CV-119, 2011 WL 13116070, at *6 (Super. Ct. Feb. 10, 2011).

[43] Pet. Writ Review Order Public Employee Relations Board, 11.

[44] Pet. Writ Review Order Public Employee Relations Board, 12.

[45] Reply Br. Petitioner, 2.

[46] Resp't Public Employees Relations Board's Opp'n Pet.'s Pet. Writ Review Order Public Employee Relations Board, 12.

[47] Opp'n Pet.'s Pet. Writ Review, 3-4.

especially as whistleblowing and reporting bribery are not activities protected under Title VII.

¶19    The Court agrees with GVI and PERB that Parsons' claims with the retaliation discrimination framework have multiple issues. Parsons did not specifically allege retaliation discrimination when previously before PERB. As one of numerous points within his argument before PERB, Parsons argued that he was terminated because he expressed his opinion about a service contract agreement and reported an alleged bribe. But Parsons seems to be making a new argument and highlighting the different retaliation discrimination framework after PERB's final decision and with the benefit of PERB's analysis. An argument not made before PERB cannot be considered by this Court on an appeal of PERB's ruling.

¶20    Additionally, Parsons claims retaliation discrimination is "within the realm of the statutory intent" of 3 V.I.C. § 531 as retaliation (such as from reporting a bribe) and whistleblowing could allegedly be considered as a nonmerit factor.[48] Parsons cites *Woods-Pirozzi v. Nabisco Foods* (a New Jersey case) that used a similar framework as retaliation discrimination under Title VII, but the New Jersey court based the retaliation discrimination analysis on New Jersey's specific Law Against Discrimination (LAD) and New Jersey caselaw.[49] Parsons does not identify similar Virgin Islands statutes or caselaw that places retaliation discrimination reviews statutorily within PERB's jurisdiction. Like the jurisdiction issue concerning the whistleblower claim (in section I), Parsons has not sufficiently addressed the jurisdictional concerns for a claim of retaliation discrimination.

### B. The alleged bribe was not within the purview of PERB

¶21    Lastly, Parsons challenges PERB's statement in its ruling that the claim of bribery was not within its purview. During the hearing in December 2012, Parsons testified that Mr. Henry from Clear Signal offered him a bribe (which he later returned) in November 2010 consisting of a $500 pre-paid credit card (that could be replenished) and ten (10) percent of any job Clear Signal does for BIR or any job Parsons processes for Clear Signal.[50] Here, GVI highlights that BIR's Legal Counsel and Disclosure Officer (to whom Parsons allegedly reported the bribe to) did not testify at the hearing.[51] PERB defends its ruling and states that "PERB could not find any connection between the time in which this alleged 'bribe' or 'incentive' occurred, and Mr. Parsons' appeal of termination based upon his claims of discrimination."[52] Reporting alleged bribery is not a listed prong in the employment discrimination framework originally utilized by PERB, and this specific discrimination framework under 3 V.I.C. § 531 is the framework PERB must use. As such, Parsons' claim of bribery was not within the purview of PERB.

---

[48] Reply Br. Petitioner, 1.
[49] *Woods-Pirozzi v. Nabisco Foods*, 290 N.J. Super. 252, 274, 675 A.2d 684, 695 (App. Div. 1996); *See Rennie v. Hess Oil Virgin Islands Corp.*, 62 V.I. 529, 551–52 (2015) (citations omitted).
[50] Tr. GSA-12-37T, 130:5–24.
[51] Opp'n Pet.'s Pet. Writ Review, 5.
[52] Resp't Public Employees Relations Board's Opp'n Pet.'s Pet. Writ Review Order Public Employee Relations Board, 8.

## CONCLUSION

¶22    PERB did not commit legal error in its June 12, 2014 Decision and Order. PERB's factual determinations were supported by substantial evidence in the record considered as a whole. PERB lacked jurisdiction to hear Parsons' whistleblower claim. Parsons also did not properly raise the claim of retaliation discrimination and address jurisdictional issues while before the PERB. Parsons failed to demonstrate that BIR discriminated against him on the basis of nonmerit factors under 3 V.I.C. § 531.

Accordingly, it is hereby

**ORDERED** that the Public Employees Relations Board's Decision and Order issued on June 12, 2014, is **AFFIRMED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: 5/22/25

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY:

**DONNA D. DONOVAN**
Court Clerk Supervisor 5/22/2025